Davis, C. J.
In the final analysis of this case, it will be found that the determining factor is the contention that Section 152 of the Municipal Code, enacted in 1902 and now Section 4381, General Code, has been repealed by implication; for, although the only issue tendered by the answer is that, by reason of the facts therein stated, the relator was unlawfully appointed as chief of police, yet this cannot justify the defendant unless he can show that he has the power to summarily remove the relator, without appeal to the civil service commission. Such power is claimed to be derived from Section 129 of an act entitled: “An act to amend and supplement certain sections of the ‘Municipal Code of 1902’ herein specified, modifying and enlarging the powers of municipal corporations and their officers,” passed April 29, 1908 (99 O. L., 562; Gen. Code, Sec. 4250). This act expressly mentions by number the sections of the original act which are amended and supplemented, and expressly repeals those original sections. The amended and supplementary sections are substituted for the original sections by number and are thus made part of the original act. Section 152 of the act of 1902, above referred to, is not included in the repealing clause, nor is it mentioned with those which are to be amended and *201 supplemented. It therefore remains, so far as the expressed intention of the legislature is concerned, as much a part of the original act as it ever was, and as much as any other section. The amended Section 129 provides that the mayor “shall appoint and have the power to remove * * * the heads of sub-departments of the department of public service and public safety.” Section 152 of the Municipal Code, now Section 4381, General Code, provides: “The mayor shall have exclusive right to suspend the chief of the police department or the chief of the fire department for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given him by the proper authority, or for any other reasonable and just cause. If either the chief of police or chief of the fire department is so suspended, the mayor shall certify such fact together with the cause of such suspension to the civil service commission who within five days from the receipt of such notice, shall proceed to hear such charges and render judgment thereon, which shall be final.”
It is clear, therefore, that Section 152 (General Code, Section 4381) prescribes a limitation in case of the chief of police and chief of the fire department upon the broad power of removal conferred upon the mayor by the amended Section 129 (General Code, Section 4250) unless the latter provision, being the later enactment, is so irreconcilably repugnant to the former as to amount to a repeal by implication. But in the same act which contains the same Section 129, there are *202 other sections which convincingly repel any inference of an implied repeal. The section numbered 166 is as follows: “No officer, secretary, clerk, sergeant, patrolman, fireman, or other employe serving in the police or fire departments of any city of the state at the time this act goes into effect shall be removed or reduced in rank or pay except in accordance with the provision of Section 152 of this act.” Section numbered 162 provides as follows: “Nothing in this áct shall prevent the dismissal or discharge of any appointee by the removing board or officer, except that the chiefs and members of the police and fire departments shall be dismissed only as provided in Section 152 of this act and the appeal therein provided to the board of public' safety shall be made to the civil service commission as therein provided and under such rules as the commission may adopt,” etc. The words “section 152 of this act” can only refer to the “Municipal Code of 1902,” not only because there is no Section 152 in the act amending and supplementing the Municipal Code (99 O. L., 562), but also because Section 152 of the code is literally “of this act”; for, as already remarked, it was intended that all of these amendatory and supplementary sections should be incorporated by number in the original act.
So that, construing all these sections together as part of one statute, it is clear that the power given to the mayor by Section 129 is qualified by Sections 152, 162 and 166, by excepting from the operation thereof the chiefs of the police and *203 fire departments; and that the removal of the relator by the mayor and the refusal to recognize him as chief of police, as well as the mayor’s orders in that regard, were all unlawful.
It is no answer to this construction of the statute, to say that the relator was unlawfully inducted into the office of chief of police, because it is admitted that the relator was the de facto chief of police through the term of office of the defendant’s predecessor and through the defendant’s own term until September 9, 1912. It is not the province of the mayor to decide whether the relator’s tenure of office was lawfully begun or lawfully continued. Nor does it follow that because the relator may have been illegally appointed, he could be removed summarily without appeal to the civil service commission whose decision would be final. The legislature seems to have provided otherwise. We think, however, that the relator was lawfully appointed. At the time of his appointment, Section 158 was in full force and effect. (99 O. L., 568.) The clause of Section 149 of the Municipal Code which declared that the chief of police shall be appointed from the classified list of such department, was repealed by necessary implication in the amended and substituted Section 158, which declared that the unclassified service shall include the chief of the police department. The subsequent restoration, during the incumbency of the relator, of the chief of police to the classified service, in our opinion, cuts no figure in the present controversy. ■
*204 The judgment of the court below is

Affirmed.

Spear, Si-iauck, Johnson, Donahue and O’Hara, JJ., concur.